**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4131**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GLENN YOUNG,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:14-cr-00004-JPJ-PMS-1)

———————

Submitted: March 31, 2016          Decided: June 3, 2016

———————

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Barry L. Proctor, Abingdon, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Glenn Young of bribery of a public official, in violation of 18 U.S.C. § 201(b)(1)(A), (C) (2012), and conspiracy to bribe a public official, in violation of 18 U.S.C. § 371 (2012). On appeal, Young argues that the Government failed to present sufficient evidence to support these convictions and that the district court plainly erred in instructing the jury. Finding no error, we affirm.

I.

"We review [a] challenge to the sufficiency of the evidence de novo" and will "sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." Id. Thus, "[a] defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." Id. (citation and internal quotation marks omitted).

To convict Young of bribing a public official, the Government had to prove that: (1) Kimberlee Crabtree, the nurse at the prison where Young was incarcerated, qualified as a public official; (2) Young corruptly gave, offered, or promised

2

something of value to Crabtree (directly or indirectly); and (3) Young did so with the intent "to influence any official act," 18 U.S.C. § 201(b)(1)(A), or "to induce [her]. . . to do or omit to do any act in violation of [her] lawful duty," 18 U.S.C. § 201(b)(1)(C).

We need not decide whether Crabtree's actions—smuggling contraband into the prison and otherwise violating a variety of prison regulations to effectuate the scheme—qualify as "official acts" under § 201(b)(1)(A) because the Government presented ample evidence that Young violated § 201(b)(1)(C). See United States v. Moye, 454 F.3d 390, 400 (4th Cir. 2006) (en banc) (holding that "district court does not commit reversible error when it submits a legally adequate, although factually unsupported, theory of liability to the jury along with a factually supported and legally adequate theory of liability").

The evidence viewed in the light most favorable to the Government establishes that Young approached Crabtree in July or August of 2013 with an offer to pay her for any tobacco products she could transport into the prison. Crabtree agreed to the scheme because she needed money to help pay her daughter's medical bills and, between August and October, she delivered several loads of tobacco products to Young. During the same time period, Young arranged for third parties to wire payments to Crabtree. We conclude that this evidence is sufficient to

3

support Young's bribery conviction under § 201(b)(1)(C) and his related conspiracy conviction. See United States v. Alfisi, 308 F.3d 144, 151 n.3 (2d Cir. 2002) (explaining that conviction under § 201(b)(1)(C) is "most appropriate in the case of bribes to induce actions that directly violate a specific duty, such as a prison guard's duty to prevent the smuggling of contraband").

## II.

During deliberations, the jury asked the court whether it matters who initiated the transaction—Young or Crabtree. Young contends that the district court erred when it responded that the Government did not have to establish who initiated the transactions so long as it proved the elements of the offenses. Young suggests that the jury was concerned about the timing of the payments: did Crabtree provide the contraband first or did Young provide the payment first?

Because Young did not object to the court's instruction until after the jury returned its verdict, we review the propriety of the instruction for plain error. United States v. Tillery, 702 F.3d 170, 175 (4th Cir. 2012). To establish plain error, Young must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Moreover, the correction of such an error lies within our discretion, which we exercise only if

4

the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1127 (brackets and internal quotation marks omitted).

We conclude that Young has not met this demanding burden. As we have explained, "the timing of the payment in relation to the official act for which it is made is (in theory) irrelevant." United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998); see United States v. Fernandez, 722 F.3d 1, 19 (1st Cir. 2013) ("[T]he timing of the payment may not provide a conclusive answer as to whether that payment is a bribe or a gratuity . . . ."). What matters is whether Young offered or promised to pay Crabtree with the intent to induce her to disregard her lawful duties. See 18 U.S.C. § 201(b)(1)(C). The district court, therefore, appropriately turned the jury's focus from the timing of the payments to the elements of the crime.

Finally, Young contends that the jury's question indicates that it had reason to believe that Crabtree offered to smuggle contraband into the prison before Young agreed to pay her. There is no evidence to support this assertion. Moreover, Young would be no less guilty under this scenario. Young would still be promising to pay a public official with the corrupt intent of inducing her to violate her lawful duties. See 18 U.S.C. § 201(b)(1)(C). Notably, Crabtree's testimony established that she only agreed to the scheme because Young promised or offered

to pay her the money she needed for her daughter's medical bills.

III.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED